IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Bernice Williams, *et al.*, | : | |
| Plaintiffs | : | Civil Action 2:09-cv-319 |
| v. | : | Judge Marbley |
| City of Columbus, | : | Magistrate Judge Abel |
| Defendant | | |
| | : | |

**ORDER**

Plaintiff Bernice Williams brings this action on behalf of herself, Michael D. Phipps, Rufus E. Brown, James R. Brown, and Cecil R. Summer. Plaintiff Williams's June 25, 2009 objections to Magistrate Judge Abel's Initial Screening Report and Recommendation recommending that the complaint be dismissed for failing to state a claim upon which relief may be granted (doc. 11) is MOOT because Williams also filed an amended complaint. *See* doc. 12.

The amended complaint names the law enforcement officers of the Columbus Division of Police, the Westerville Division of Police, lawyer Peter Francis, Judge Beagle, Judge George C. Smith, Mt. Carmel East, St. Ann's Hospital, lawyer John Holland Jones, Franklin County Coroners Office, Police Chief James Jackson, the Franklin County Commissioners, the Court of Claims, Betty D. Montgomery, Probationer Laura Jensen, Columbus Fire & Ambulance, A.W (I&E) Johnson, Forney Transportation, Detective McMenemy, Det. Craig Lee, Det. J.B. Stewart, Det, Adams,

1

Det. Harris, Det. Gary A. Roundtree, and Det. Burhau, as defendants. The amended complaint alleges that the defendants engaged in conspiracy to murder, murder by torture, false imprisonment, and conspiracy to deprive, take and endanger innocent lives, abuse, torture and deprivation in various forms.

When considering whether a complaint states a claim for relief, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (U.S. 2007) (citing *Bell v. Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007)); *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1982). Although the court must apply a liberal construction of the complaint in favor of the party opposing the dismissal, *see Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir. 1975), a court will not accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations; *see Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005); *Blackburn v. Fisk Univ.*, 443 F.2d 121, 123-124 (6th Cir. 1971). In reading a complaint, however, a court will indulge all reasonable inferences that might be drawn from the pleading. *See Fitzke v. Shappell*, 468 F.2d 1072, 1076 n.6 (6th Cir. 1972). Because a determination of whether a complaint states a claim focuses solely on the complaint itself, *see Roth Steel Prods.*, 705 F.2d at 155; *Sims v. Mercy Hosp. of Monroe*, 451 F.2d 171, 173 (6th Cir. 1983), the court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail; *see McDaniel v. Rhodes*, 512 F.

Supp. 117, 120 (S.D. Ohio 1981). A federal court cannot consider extrinsic evidence in determining whether a complaint states a claim upon which relief can be granted. *See Roth Steel Prods.*, 705 F.2d at 155-56.

The complaint fails to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." as required by Rule 8(a)(2), Fed. R. Civ. P. The complaint fails to give defendants notice of plaintiff's claims against them. Indeed, it is not possible to determine exactly what she believes each defendant did to deprive her of her rights. A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when, for example, a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke v. Williams*, 490 U.S. 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Lawler*, 898 F.2d at 1199. The complaint may not be dismissed as factually frivolous simply because the court finds the plaintiff's claims unlikely or improbable. *Denton*, 504 U.S. at 33. Here, the complaint is legally frivolous.

I also note that the amended complaint has not been signed, and therefore it does not comply with Rule 11 of the Federal Rules of Civil Procedure. Furthermore, Ms. Williams appears to be bringing this action on behalf of Michael D. Phipps, Rufus E. Brown, James R. Brown, and Cecil R. Summer. None of the other named plaintiffs have

signed the amended complaint, and she does not have standing to prosecute this action on their behalf.

Accordingly, the amended complaint is hereby DISMISSED for failure to state a claim under 42 U.S.C. §1983. The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for defendant City of Columbus.  This action is hereby **DISMISSED.**

    s/Algenon L. Marbley
Algenon L. Marbley
United States District Judge